AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of California

FILED
Nov 06 2020
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

| | |
|---|---|
| United States of America ) | |
| v. ) | Case No. 4-20-mj-71597 MAG |
| Natali Cisneros ) | |
| ) | |
| *Defendant(s)* | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of May 16, 2020 in the county of Contra Costa in the Northern District of California, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 USC s 922(g)(1) | Felon-in-possession of ammunition |
| | Maximum term of imprisonment: 10 years |
| | Maximum fine: $250,000 fine |
| | Maximum term of supervised release: 3 years |
| | Mandatory $100 special assessment |
| | Forfeiture |

This criminal complaint is based on these facts:

Please see attached affidavit of FBI Special Agent Evan Howard

☑ Continued on the attached sheet.

/s/ Evan Howard
*Complainant's signature*

Approved as to form  *Ajay Krishnamurthy*
AUSA Ajay Krishnamurthy

Evan Howard, FBI Special Agent
*Printed name and title*

Sworn to before me by telephone.

Date: Nov. 4, 2020

*Judge's signature*

City and state: Oakland, CA

Hon. Donna M. Ryu, US Magistrate Judge
*Printed name and title*

## AFFIDAVIT OF FBI SPECIAL AGENT EVAN HOWARD

I, Evan Howard, a Special Agent of the Federal Bureau of Investigation, being duly sworn, state:

## OVERVIEW AND PURPOSE OF AFFIDAVIT

1. This affidavit is submitted in support of a criminal complaint and arrest warrant charging Natali CISNEROS with being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1).

2. Because this affidavit is being submitted for the limited purpose of securing a criminal complaint and arrest warrant, I have not included each and every fact known to be me concerning this investigation. I have set forth only the facts that I believe are sufficient to establish probable cause to believe that, on or about May 16, 2020, CISNEROS, who was previously convicted of at least one felony punishable by a term of imprisonment exceeding one year, possessed ammunition in violation of 18 U.S.C. § 922(g)(1).

3. The facts and information set forth in this affidavit are based on my personal observations, my training and experience, and information obtained from other law enforcement officers and witnesses. To the extent that any information in the affidavit is not within my personal knowledge, it has been made available to me through reliable law enforcement sources, and I believe such information to be true. This affidavit is made for the sole purpose of demonstrating probable cause for this complaint and does not set forth all my knowledge of, or investigation into, this matter. In addition, where I report information I learned from others or from reviewing documents and reports prepared by others, such information is recounted in sum and substance and in relevant part.

## AFFIANT BACKGROUND

4. I am an "investigative or law enforcement officer of the United States" within the meaning of 18 U.S.C. § 2510(7).

5. I am a Special Agent of the FBI and have been so employed since March 2018. I am currently assigned to the San Francisco Office of the FBI, where I investigate criminal

violations of federal law, with a focus on violent crimes and crimes committed by gangs. I have received training at the FBI Academy in Quantico, Virginia, including training on criminal procedure, search and seizure, violent crimes, and gang organization. Prior to my employment with the FBI, I was a Police Officer for three years with the Oxnard Police Department, in the city of Oxnard, California.

6. In the course of my law enforcement career, both with the FBI and with the Oxnard Police Department, I have participated in numerous investigations of numerous criminal offenses, including the offenses related to this current investigation. I have spoken to hundreds of victims, witnesses, and suspects who have been involved with crimes ranging from the transportation and the distribution of narcotics, to assaults and homicides. I have been involved in hundreds of investigations and arrests. I have been involved with hundreds of surveillance operations involving crime suppression and criminal suspects. I have authored and been involved in numerous search warrants and operations resulting from search warrants.

## APPLICABLE STATUTE

7. 18 U.S.C. § 922(g)(1) provides, in relevant part, that it is unlawful for any person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" to "possess in or affecting commerce, any firearm or ammunition."

## FACTS IN SUPPORT OF PROBABLE CAUSE

8. Around 1:19 a.m. on May 16, 2020, Officer Rosemarie Oreja from the Pittsburg Police Department saw three cars driving northbound on Railroad Avenue in Pittsburg, California at a high speed. Officer Oreja was able to identify two of the cars as a gray Infiniti and a silver Acura. On that day, the silver Acura bore a temporary California license plate that read AC82C31. The third car was never identified or located.

9. Officer Oreja activated her overhead emergency lights and tried to catch up with the cars. She saw the Acura and the Infiniti turn eastbound onto West 10th Street from Railroad Avenue. When Officer Oreja made the turn onto West 10th Street, she saw that the Acura had crashed head-on into a parked car, and forcefully pushed the parked car into a second car.



10.     The photograph displayed above shows the Acura (right) following its head-on collision with the parked car.

11.     Officer Oreja saw a man, who was later identified as Natali CISNEROS, about two-to-three feet from the driver-side door of the Acura. CISNEROS was running eastbound towards Cumberland Street. Officer Oreja did not see any other pedestrians in the vicinity of the Acura.

12.     Officer Oreja pulled her patrol car alongside CISNEROS. CISNEROS turned and began to run in the opposite direction. At that time, Officer Oreja exited her patrol car and began to chase CISNEROS on foot. As she ran by the Acura, Officer Oreja saw that there was nobody else inside the Acura and that the passenger-side door was closed.

13. Officer Oreja directed CISNEROS to stop running and get on the ground. CISNEROS continued to run, jumped the western fence to 985 Railroad Avenue, and then ran eastbound towards Cumberland Street. Officer Oreja lost sight of CISNEROS as he ran and hid behind a dumpster.

14. Other officers from the Pittsburg Police Department arrived and established a perimeter around the property. Pittsburg Police Department Officer Kyle Barkley saw CISNEROS laying down in the grass just outside the eastern wall of 985 Railroad Avenue. Officer Barkley took CISNEROS into custody. (Upon arrest, CISNEROS identified himself as Natali CISNEROS.)

15. Pittsburg Police Department Officer Robert Nicoletti opened the front passenger door to the crashed Acura and found a Glock 23 .40 caliber handgun with an extended magazine on the floor in front of the passenger seat. The lower frame to the handgun had no serial number. The handgun also had attached a "Glock switch," which typically operates to make a semi-automatic firearm function as a fully automatic firearm. On July 6, 2020, a criminalist with the Contra Costa County Office of the Sheriff test-fired the handgun with laboratory-supplied ammunition and confirmed that it functioned as a fully automatic firearm.



16. Officer Nicoletti found an identification card for CISNEROS in the center console

between the two front seats of the Acura, and a bill of sale for the car made out to Shurod Thompson.[1]

17. The handgun was loaded with 18 rounds of ammunition, manufactured by Federal, Winchester, Remington Arms, and Sig Sauer. Special Agent Kristen Larsen of the Bureau of Alcohol, Firearms, Tobacco, and Explosives confirmed that none of the ammunition had been manufactured within the state of California, meaning that the ammunition had traveled in interstate commerce.

18. Following CISNEROS's arrest, he was charged with several offenses in the Superior Court for Contra Costa County, including felon in possession of a firearm, possession of a machinegun, and hit and run resulting in property damage. CISNEROS entered a plea of not guilty to all charges and that case remains pending.

19. A review of CISNEROS's rap sheet and certified conviction documents from the Superior Court for Napa County shows that CISNEROS has one prior felony conviction. Specifically, on November 22, 2017, CISNEROS pled guilty to one count of felony evasion, in violation of California Vehicle Code § 2800.4, in the Superior Court for Napa County. At the time, CISNEROS signed a form in which he acknowledged the maximum penalties were "16 2-3," which corresponds to the penalties for his crime of conviction. Specifically, California Penal Code § 18 states that "[e]xcept in cases where a different punishment is prescribed by any law of this state, every offense declared to be a felony is punishable by imprisonment for 16 months, or two or three years in state prison[.]"

---

[1] One of the Pittsburg Police Department officers on the scene reported that the registered owner of the Acura was "Manheim SF Auction." However, according to the California Law Enforcement Telecommunications System (CLETS), CISNEROS was the registered owner of the Acura on May 16, 2020. According to CLETS, the temporary license plate attached to the Acura (AC82C31) was valid from March 22, 2020 to June 20, 2020.

**Penalty For Charges I Am Pleading Guilty Or No Contest To (Or Admitting A Violation Of Probation To)** - I understand the possible consequences of my plea(s) include the following:

- Count No. 1 | Charge (code & section no.) VC 2800.4 | Minimum Penalty (jail & fine) | Maximum Penalty (jail & fine) 16 2-3

Other consequences

20. CISNEROS was subsequently sentenced to 150 days in jail and 3 years of Probation.

## CONCLUSION

21. Based on the foregoing facts, my training and experience, and consultation with other law enforcement agents with experience in criminal investigation, there is probable cause to believe that Natali CISNEROS violated 18 U.S.C. § 922(g)(1) on May 16, 2020, while in the Northern District of California.

22. Under penalty of perjury, I swear that the foregoing is true and accurate to the best of my knowledge, information and belief.

/s/ Evan Howard

Evan Howard
Special Agent
Federal Bureau of Investigation

Sworn to before me over the telephone and signed by me pursuant to Fed.R.Crim.P. 4.1 and 4(d) this  4th  day of November 2020

Hon. Donna M. Ryu
United States Magistrate Judge