ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

AJAY KRISHNAMURTHY (CABN 305533)
Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    FAX: (510) 637-3724
    Ajay.krishnamurthy@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 21-CR-147 HSG |
| Plaintiff, | UNITED STATES' MEMORANDUM IN SUPPORT OF JOINTLY RECOMMENDED DISPOSITION |
| v. | |
| NATALI CISNEROS, | |
| Defendant. | |

    Natali Cisneros has admitted to several Grade C violations of the conditions of his supervised release, including associating with members of the Tre-4 gang and associating with people he knows to have previously been convicted of felonies. Cisneros's performance on supervise release has been checkered; despite ample opportunity to demonstrate compliance, seek employment, and stay away from gang influences, Cisneros's conduct continues to trend in the wrong direction. As a result, the parties respectfully request that this Court impose a two-month custodial sentence, to be followed by two years of supervised release.

**I.    Background**

    A. *2021 Felon-in-Possession Conviction*

    In May 2021, Cisneros pled guilty to an Information charging him with a violation of 18 U.S.C.

§ 922(g)(1). The conviction stemmed from a May 2020 arrest, during which Cisneros fled from Pittsburg Police Department officers at a high speed with a fully automatic gun in his car. PSR, ¶¶ 6–12. Cisneros said that he began carrying a gun after his cousin—a member of the Tre-4 gang—was killed during a shootout on the Bay Bridge in April 2020. *See* PSR, ¶ 18.

This Court sentenced Cisneros to a fifteen-month custodial term, to be followed by three years of supervised release. Dkt. 39.

B.  *Cisneros's Performance on Supervised Release*

Cisneros was released from custody and began his term of supervision in October 2022. On October 5, 2023, Probation filed its first petition notifying the Court that Cisneros had violated the terms of his supervised release. Dkt. 52. The petition informed the Court that over the prior six months, Cisneros had—on several occasions—associated with members of the Tre-4 gang, as well as people who had prior felony convictions and were themselves on court-ordered supervision. Dkt. 52 at 2 – 4. Cisneros, however, had "agreed to pursue community service and focus on removing himself from negative influences that could affect his freedom and the safety of his family." Dkt. 52 at 4. Therefore, Probation asked the Court to impose 50 hours of community service but take no further action. *Id*.

Less than a month later, on October 25, 2023, Probation filed another petition, which alleged that Cisneros had continued to associate with members of the Tre-4 gang and people that he knew had been previously convicted of felony convictions. Dkt. 55. Among other things, Cisneros had been detained at a house in South San Francisco during the execution of a search warrant, which turned up six guns, including an AR-style rifle. Dkt. 55 at 2. Cisneros was eventually placed on location monitoring so that he could attempt to demonstrate his compliance with the conditions of his release. Dkt. 67.

However, Cisneros was unable to demonstrate compliance. In June 2024, Probation filed an amended petition alleging that Cisneros had continued to violate the terms of his supervised release—specifically, the petition alleged that Cisneros had failed to obtain employment as directed by Probation and that Cisneros had violated state law by shoplifting from a Brentwood Foot Locker. Dkt. 76.

Cisneros eventually admitted to several Grade C violations of the conditions of his supervise release. Specifically, Cisneros admitted that he:

(1) Associated with members of the Tre-4 gang on October 18, 2023;

(2) Associated with people that he knew had previously been convicted of a felony on October 18, 2023;

(3) Associated with members of the Tre-4 gang on September 17, 2023; and

(4) Failed to obtain employment as directed by Probation.

In light of the joint recommendation to which the parties have agreed, Cisneros did not admit, and the United States does not intend to pursue, the shoplifting allegation.

## II.     Argument

The parties jointly request that this Court impose a two-month custodial sentence, to be followed by two years of supervised release.

Cisneros has been given many opportunities to demonstrate his compliance with the terms of his supervised release. In October 2023, he was ordered to perform community service because he had—over a period of months—repeatedly associated with Tre-4 members. Dkt. 52.  But just weeks after the Court's order, Probation was forced to file another petition noting that Cisneros had continued to associate with gang members and people who had been previously convicted of felony offenses. Dkt. 55. And while Probation's petition was still pending, Cisneros violated the conditions of his release yet again by failing to obtain employment as directed by Probation. Dkt. 67.

The Government acknowledges that, in other cases, it may not seek a custodial sentence for the types of violations to which Cisneros has admitted. But given Cisneros's background and characteristics, these conditions are essential to preserving the safety of the community and will contribute significantly to Cisneros's rehabilitation. As Cisneros has himself previously acknowledged to Probation, he committed this offense following the murder of his cousin (a member of the Tre-4 gang), and knows that he is required to "remove himself from negative influences that could affect his freedom and the safety of his family." Dkt. 42 at 5; *see also* PSR, ¶ 18.

Moreover, the totality of Cisneros's conduct and the direction that his conduct has trended is also significant here. Cisneros has been provided with almost a year to demonstrate that he is willing to comply with the conditions of supervised release. He has not done so. Thus, the parties jointly request a two-month sentence, to be followed by two years of supervised release. This sentence is sufficient, but not greater than necessary, to comply with the purposes of sentencing set forth in 18 U.S.C. §§ 3583(e)

and 3553(a).

DATED:  September 29, 2024                    Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney

*/s/ Ajay Krishnamurthy*
AJAY KRISHNAMURTHY
Assistant United States Attorney